FILED
February 03, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LUCIO MAZA-SERNA, | § |
| Petitioner, | § |
| v. | §   NO. SA-26-CV-00274-OLG |
| KRISTI NOEM, *et al.*, | § |
| Respondents. | § |

## ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Lucio Maza-Serna's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1), to which Respondents have responded (Dkt. No. 5).

The relevant facts in this case are not in dispute. Petitioner is a citizen of Mexico who entered the United States without inspection in 2002. (*See* Dkt. No. 1 ¶ 36.) This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. (*See* Dkt. No. 1 ¶¶ 40–44; Dkt. No. 5 at 3–4.)

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 3.) On February 2, 2026, Respondents filed their abbreviated response, advising that "the common question of law between this case and those rulings would control the result in this case should this Court follow its legal reasoning in its prior decisions." (Dkt. No. 5 at 1–2.) As

such, the Court finds that Petitioner is not subject to mandatory detention and will grant the Petition. *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4, 2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15, 2025); *see also Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex. Nov. 17, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18, 2025). Because Petitioner already received an individualized determination by an Immigration Judge (IJ) that he is not a danger to the community and that his risk of flight can be mitigated with the payment of a $12,000 bond (*see* Dkt. No. 1-1 at 1), the Court will order his release in accordance with the IJ's findings.

Petitioner Lucio Maza-Serna's Petition for Writ of Habeas Corpus (Dkt. No. 1) is therefore **GRANTED IN PART** in that Respondents must immediately release Petitioner upon his payment of a $12,000 bond, subject to any other conditions ordered by the IJ on January 16, 2026 (*see* Dkt. No. 1-1). Respondents must file an advisory as to the status of Petitioner's release on bond **no later than 14 days** from the date below.

The Petition is **DENIED IN PART** to the extent Petitioner seeks to recover his costs of suit.[1]

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** on February 3, 2026.

ORLANDO L. GARCIA
United States District Judge

---

[1] Petitioner does not cite any authority permitting this relief (*see* Dkt. No. 1 at 12), and "the [Equal Access to Justice Act] does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions," *Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 553 (2024).